UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAF GETTER,

           Petitioner,

                                     CASE NO. 2:12-CV-11705

v.                            CHIEF JUDGE GERALD E. ROSEN

                                     MAGISTRATE JUDGE PAUL J. KOMIVES

WILLIE SMITH,

           Respondent.[1]

_____/

# REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.     *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.     *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.     *Competence (Claims I & III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
           1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
           2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                   a. Procedural Competency Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                   b. Substantive Competency Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     E.     *Ineffective Assistance of Counsel (Claims II & IV-VI)* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
           1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
           2.     *Trial Counsel (Claims II & IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
                   a. Failure to Request Competency Hearing (Claim II) . . . . . . . . . . . . . . . . . . . . . . 16
                   b. Failure to Plead Nolo Contendere But Mentally Ill (Claim IV) . . . . . . . . . . . . . . 17
           3.     *Appellate Counsel (Claims V & VI)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
     F.     *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 20
           1.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
           2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
     G.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

\*     \*     \*     \*     \*

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus and should deny petitioner a certificate of appealability.

_____

[1]By Order entered this date, Willie Smith has been substituted in place of Jeffrey Woods as the proper respondent in this action.

II.     <u>REPORT</u>:

A.      *Procedural History*

       1.      Petitioner Michael Alaf Getter is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

       2.      On December 2, 2008, petitioner was convicted of three counts of unarmed robbery, MICH. COMP. LAWS § 750.530, pursuant to his no contest plea in the Wayne County Circuit Court. On December 18, 2008, he was sentenced to three concurrent terms of 10-15 years' imprisonment.

       3.      Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

       I.      BECAUSE COMPETENCY IS AN ONGOING CONCERN, APPELLANT SHOULD HAVE BEEN ALLOWED TO WITHDRAW HIS NOLO CONTENDERE PLEA WHERE THERE WAS NO FINDING THAT HE WAS COMPETENT AT THE TIME OF THE PLEA.

       II.     TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO PLEAD APPELLANT NOLO CONTENDERE BUT MENTALLY ILL INSTEAD OF SIMPLY NOLO CONTENDERE.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Getter*, No. 291693 (Mich. Ct. App. June 1, 2009).

       4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Getter*, 485 Mich. 977, 774 N.W.2d 886 (2009).

       5.      Petitioner subsequently filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims (as set forth in his application for leave to appeal):

       I.      DEFENDANT-APPELLANT   WAS   DENIED   HIS   BASIC

2

FUNDAMENTAL RIGHT TO DUE PROCESS AS GUARANTEED UNDER US CONST, AMS V, VI, XIV; MICH. CONST 1963, ART 1, §§ 17, 20, WHEN HE WAS DENIED THE PROCEDURES TO DETERMINE COMPETENCY ONCE IT HAD BEEN DETERMINED BY A FORENSIC DIAGNOSTIC REPORT THAT DEFENDANT-APPELLANT NEEDED A COMPETENCY HEARING, IN ADDITION TO BEING ORDERED BY THE COURT PURSUANT TO STATUTE, AND COURT RULE.

II.     DEFENDANT-APPELLANT WAS DENIED HIS BASIC FUNDAMENTAL RIGHT TO DUE PROCESS AS GUARANTEED UNDER US CONST., AMS V, VI, X, XIV; MICH CONST. 1963, ART §§ 17, 20, WHEN DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, BY TRIAL COUNSEL'S FAILURE TO HOLD THE COURT TO THE STATUTORY PREREQUISITE OR OBJECT TO THE FACT THAT DEFENDANT-APPELLANT WAS BEING DENIED THE RIGHT TO A COMPETENCY HEARING TO DETERMINE COMPETENCE TO STAND TRIAL, OR ENTER A PLEA.

III.    APPELLATE COUNSEL'S CONSTITUTIONALLY INEFFECTIVE ASSISTANCE ESTABLISHES "GOOD CAUSE" FOR DEFENDANT-APPELLANT'S FAILURE TO PROPERLY RAISE THESE ISSUES IN HIS PRIOR APPEAL IN ADDITION, APPELLATE COUNSEL'S CONSTITUTIONALLY INEFFECTIVE ASSISTANCE SEVERELY PREJUDICED DEFENDANT-APPELLANT IN HIS PRIOR APPEAL.

IV.     APPELLATE COUNSEL'S FAILURE TO EXERCISE REASONABLE PROFESSIONAL JUDGMENT, BY PASSING OVER THE CLEARLY STRONGER ISSUE OF DEFENDANT-APPELLANT'S RIGHT TO A COMPETENCY HEARING AND DENIAL OF THAT IS A VIOLATION OF DUE PROCESS, AND OPTING TO RAISE MERITLESS ISSUES ON APPEAL SEVERELY PREJUDICED DEFENDANT-APPELLANT, THIS DEFICIENT PERFORMANCE PROVIDES A BASIS FOR INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

On July 13, 2010, the trial court denied petitioner's motion for relief from judgment, concluding that his claims were meritless. *See People v. Getter*, No. 08-3813 (Wayne County, Mich., Cir. Ct. July 13, 2010). The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders. *See People v. Getter*, 491 Mich. 852, 808 N.W.2d 769 (2012); *People v. Getter*, No. 300329 (Mich. Ct. App. July 20, 2011).

3

6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 17, 2012.  As grounds for the writ of habeas corpus, he raises the six claims that he raised in the state courts.

7.      Respondent filed his answer on October 22, 2012.  He contends that petitioner's claims are without merit.

8.      Petitioner filed a reply to respondent's answer on December 6, 2012.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner was charged with armed robbery in four separate cases.  On the date set for trial, petitioner reached a plea agreement with the prosecutor.  Under the agreement, petitioner agreed to plead nolo contendere to three counts of unarmed robbery in exchange for dismissal of the armed robbery charges and dismissal of the fourth case, with a sentence agreement of 10-15 years' imprisonment.  *See* Trial Tr., at 3-4.  The trial court explained to petitioner the rights he was waiving by pleading guilty, and petitioner indicated that he understood his rights and that he was waiving them by pleading guilty.  *See id*. at 4-5.  Petitioner denied that any one had threatened him or made him any promises to induce his plea.  *See id*. at 5.  The investigator's report of each robbery was used to establish a factual basis for petitioner's pleas.  *See id*. at 5-7.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was

5

meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).  As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)).  Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).  The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).[2]

D.    *Competence (Claims I & III)*

In his first and third habeas claims, petitioner contends that he was denied due process of law because the trial court did not have a hearing to determine his competence to stand trial or enter his

---

[2]Each of petitioner's claims is subject to the deferential standard of review set forth in § 2254(d). The claims raised in petitioner's motion for relief from judgment were denied on the merits by the trial court, and not on the basis of a procedural bar. With respect to the claims raised on direct appeal, the deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

plea, and that he was incompetent to enter his plea. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

      1.    *Clearly Established Law*

Due process requires that, for a plea to be valid, it must be entered by a defendant who is competent to enter the plea. A defendant is competent to stand trial and to enter a plea if he "has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 326 U.S. 402, 402 (1960) (per curiam)). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the *ability* to understand the proceedings." *Godinez*, 509 U.S. at 401 n.12. "Although no 'fixed or immutable' signs create sufficient doubt about competence, pretrial behavior, demeanor during trial, and previous medical opinions regarding competency are relevant considerations." *Ford v. Bowersox*, 256 F.3d 783, 786 (8th Cir. 2001) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). When there is reasonable cause to believe that the defendant is incompetent, the court must inquire into defendant's competency before accepting a plea of guilty. *See Drope*, 420 U.S. at 173; *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966).

As explained by another Judge of this Court,

> Competency claims can raise issues of both substantive and procedural due process. A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue. To prevail on the procedural claim, a petitioner must establish that the state trial judge ignored facts which raised a "bona fide doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1343 (10th Cir.1999) (internal citations omitted). A petitioner can make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. A petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and

8

> must demonstrate his or her incompetency by a preponderance of the evidence. *Id*.
> at 1344. To succeed in stating a substantive incompetency claim, a petitioner must
> present evidence that creates a "real, substantial, and legitimate doubt" as to his or
> her competency to stand trial. *Walker*, 167 F.3d at 1347.

*Hastings v. Yukins*, 194 F. Supp. 2d 659, 670-71 (E.D. Mich. 2002) (Cleland, J.).  A trial court's

conclusion regarding a defendant's competence is a factual finding.  *See Demosthenes v. Baal*, 495

U.S. 731, 735 (1990); *Maggio v. Fulford*, 462 U.S. 111, 117 (1983).  It is therefore presumed correct

on habeas review unless rebutted by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

    2.    *Analysis*

    Petitioner's claims, construed broadly, raise both a procedural and a substantive competency

claim.  The Court should conclude that neither claim provides a basis for habeas relief.

### a. *Procedural Competency Claim*

    With respect to a procedural competency claim, a hearing must be held where a reasonable

judge, faced with the facts before the trial judge, would have a "bona fide doubt" about the

defendant's competence.  *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004).  The focus of the

inquiry is "on what the trial court did in light of what it knew at the time of the trial or plea hearing."

*Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990).  Factors giving rise to a bona fide doubt may

include prior medical opinions on his competence to stand trial or plead guilty, his demeanor in

court, and his irrational behavior.  *See Drope*, 420 U.S. at 180.

    Here, there was no question that petitioner suffered from some mental problems, and was

taking psychotropic medications at the time of his plea.  Although it is not clear whether a full-

blown competency hearing was held, it is clear that a competency determination was made prior to

petitioner's plea.  Appellate counsel indicated in petitioner's brief on direct appeal that a

competency hearing had been held, *see* Def.-Appellant's Br. in Supp. of Application for Leave to

9

Appeal, in *People v. Getter*, No. 291692, at 9, and conceded that petitioner was "evaluated by two psychologists prior to pleading, and was determined to be competent." *Id*. at 10; *see also*, Mot. to Withdraw Plea Tr., dated 4/3/09, at 3-4 (court noting that petitioner was evaluated at the forensic center and a determination of competency was made by the court). The trial court docket sheet shows that petitioner was referred for a competency evaluation on May 5, 2008, and that a competency hearing was held on September 5, 2008. *See* Register of Actions (this Court's docket #12-1). Even assuming that a full competency hearing was not held, there was no need to conduct such a hearing. Two psychiatric evaluations–one an independent evaluation at petitioner's behest–found that petitioner was competent to stand trial. "[T]wo psychiatric evaluations[–one an independent evaluation at petitioner's behest–] confirmed that [petitioner] was competent to stand trial. . . . Thus, the trial judge did not have cause to conduct a competency hearing." *Langston v. United States*, 105 F. Supp. 2d 419, 424 (E.D. Pa. 2000); *see also*, *United States v. Arthur*, 432 Fed. Appx. 414, 427 (5th Cir. 2011); *United States v. Robinson*, 400 Fed. Appx. 738, 739 (4th Cir. 2010) (internal quotation omitted) (noting that "[m]edical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence to require a competency hearing" and determining that no bona fide doubt existed where psychiatric report determined defendant was competent); *cf. United States v. Jones*, 23 F.3d 1307, 1309 (8th Cir. 1994) (under federal statute governing competency hearings, 18 U.S.C. § 4241, where a "psychiatric report submitted to the court indicated that [defendant] was competent to stand trial, . . . the trial court had the discretion to hold or forgo an additional hearing on [defendant's] competency.").

Nor can petitioner show that he was denied due process by the trial court's failure to hold

10

a competency hearing at the time of the plea.  At that point, the trial court was aware of the two

findings of competence that had been rendered after petitioner was evaluated.  Petitioner has pointed

to no new evidence that arose between the time of those evaluations and his plea that would have

alerted the trial court to the need for a further competency determination.  The record of the plea

hearing establishes that petitioner understood what was being told him, had the ability to consult

with counsel, and responded appropriately to the trial judge's inquiries.  The record does not reveal

any bizarre or otherwise inappropriate behavior, or any difficulty on the part of petitioner in

understanding the proceedings and his plea.  Further, "no person present at the . . . plea

proceeding–not the trial judge, not the prosecutor, and not [petitioner's] counsel–indicated that

[petitioner's] competence should be doubted." *Weisberg v. Minnesota*, 29 F.3d 1271, 1276 (8th Cir.

1994); *see also*, *Williams v. Coughlin*, 664 F. Supp. 665, 668 (E.D.N.Y. 1987).   In these

circumstances, petitioner cannot show that the trial court denied him due process of law by failing

to hold a competency hearing prior to taking his plea.  *See United States v. Black*, 465 Fed. Appx.

510, 513 (6th Cir. 2012).

### b. Substantive Competency Claim

Nor can petitioner establish a substantive competency claim.  As noted above, the trial

court's conclusion that petitioner was competent to stand trial is a factual finding, and thus habeas

relief is appropriate only if the trial court's determination of the facts was unreasonable, *see* 28

U.S.C. § 2254(d)(2), or if petitioner rebuts the factual finding with clear and convincing evidence,

*see* 28 U.S.C. § 2254(e)(1).  Here, petitioner has presented no additional evidence regarding his

competence that was not presented to the state courts, and thus he has not rebutted the trial court's

factual finding that he was competent to stand trial.  Thus, petitioner can obtain relief on this claim

11

only by showing that the trial court's determination was unreasonable in light of the facts presented. Petitioner is unable to make this showing. While there is no doubt that petitioner suffered from some mental problems, "[n]ot every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence." *Hastings*, 194 F. Supp. 2d at 671-72 (citing *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir.1995)). Petitioner has not presented, either here or in the state courts, any evidence to support his claim that he was suffering from the effects of a mental disorder at the time of his plea which rendered him incompetent to enter his plea. In short,

> in the present case, a review of petitioner's guilty plea transcript shows that []he was "lucid and articulate" at the time that []he entered h[is] plea of guilty and was responsive to the trial court's questions. Petitioner has presented no evidence that []he was not in possession of h[is] mental faculties at the time that []he entered h[is] plea of guilty. Thus, h[is] "after-the-fact" incompetency claim is without merit. *See United States v. Calvin*, 20 Fed. Appx. 452, 453 (6th Cir.2001).

*Hastings*, 194 F. Supp. 2d at 672. In short the two competency evaluations and petitioner's own conduct at the plea hearing and at sentencing establish that, despite any mental impairments petitioner may have had, he was able to understand the proceedings and assist counsel in presenting his defense. Petitioner has presented no evidence to rebut this finding. Thus, the trial court's conclusion that petitioner was competent to stand to enter his plea was reasonable, and petitioner is not entitled to habeas relief on this claim.

E.    *Ineffective Assistance of Counsel (Claims II & IV-VI)*

Petitioner next raises several claims that his trial and appellate attorneys rendered constitutionally ineffective assistance. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

12

1.      *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These two components are mixed  questions of law and fact.  *Id*. at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.*  With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id*. at 695.  It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim.  *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v.*

13

*Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S.

14

759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012).   However, the *Strickland* standard is particularly rigorous in the plea bargaining context.   Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty . . . [in which] defense attorneys must make careful strategic choices in balancing opportunities and risks," "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011).   Further, to demonstrate prejudice as a result of counsel's performance with respect to the entry of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).   Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent."  *Id*.   As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).   Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal.  *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

2.      *Trial Counsel (Claims II & IV)*

a.  *Failure to Request Competency Hearing (Claim II)*

Petitioner first contends that his trial counsel was ineffective for failing to request a competency hearing. This claim is without merit. Counsel's failure to request a competency hearing may amount to ineffective assistance "provided there are sufficient indicia of incompetence to give objective reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001). Here, petitioner cannot show that counsel was ineffective for failing to request a competency hearing. As explained above, although it is clear that petitioner suffered from psychological problems, petitioner has not shown that he suffered from a mental illness that rendered him incompetent to stand trial or enter his plea. Two psychiatric examinations–one an independent defense examination–determined that petitioner was competent. Further, as explained above, petitioner has failed to show that he was in fact not competent to stand trial or enter his plea. Thus, petitioner has failed to show that counsel was ineffective for failing to request a competency examination. *See Kalasho v. Cason*, 77 Fed. Appx. 774, 776 (6th Cir. 2003) (counsel not ineffective where petitioner "appeared to have participated competently in his defense"); *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000) (counsel not ineffective where petitioner presented evidence that he suffered from mental disorder where nothing in the record showed that petitioner was unable to consult with counsel or understand the proceedings); *Eddmonds v. Peters*, 93 F.3d 1307, 1317 (7th Cir. 1996) (counsel not ineffective where record showed that petitioner was able to assist in his defense). Further, because petitioner has not shown that he was incompetent, he cannot show that he was prejudiced by counsel's failure

16

to request a competency hearing.  *See Langston*, 105 F. Supp. 2d at 425 ("[A] reasonable probability does not exist that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Even if counsel had moved for a competency hearing a reasonable probability does not exist that Langston would have been found incompetent to stand trial. As discussed above, Langston had two psychiatric evaluations before her trial began and both psychiatric reports concluded that she was competent to stand trial.").  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b.  Failure to Plead Nolo Contendere But Mentally Ill (Claim IV)

Petitioner next contends that trial counsel was ineffective for allowing him to plead *nolo contendere* rather than *nolo contendere* but mentally ill.  Petitioner cannot show that counsel was ineffective in this respect, for two reasons.[3]

First, petitioner pleaded *nolo contendere* pursuant to a plea agreement with the prosecutor which substantially reduced the charges against him.  There is no evidence in the record that the prosecutor would have been willing to offer the same terms with respect to a plea of *nolo contendere* but mentally ill.  Because there is no evidence that the prosecutor would have offered such a deal to petitioner, he cannot show that counsel was ineffective for failing to secure such a deal. *See United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir.2000); *United States v. Cunningham*, No. 3-97-CR-263-R, 2002 WL 1896932, at *4 (N.D.Tex. Aug.14, 2002).  Further, counsel was able to secure a plea deal which dismissed one charge and lowered the offense on three other charges.  Each of the

---

[3]Respondent argues that such a plea was simply unavailable, citing to MICH. CT. R. 6.301(A) ("[A] defendant may plead not guilty, guilty, nolo contendere, guilty but mentally ill, or not guilty by reason of insanity.").  Although Rule 6.301(A) does not provide for a plea of *nolo contendere* but mentally ill, the Michigan courts have permitted such pleas.  *See People v. Wilsher*, 183 Mich. App. 138, 141-42, 454 N.W.2d 178, 180 (1990).  Accordingly, this argument provides no basis for rejecting petitioner's claim.

four original charges carried a potential sentence of life imprisonment. Notwithstanding the potential lengthy prison term, counsel secured a plea deal capping petitioner's imprisonment at 15 years, with the potential to be released in 10 years. "[C]ounsel's duty under the Constitution was to negotiate a reasonably favorable plea agreement, not the best one possible." *Abreu v. United States*, 925 F. Supp. 1404, 1411 (N.D. Ind. 1996); *cf. Marion v. United States*, No. 94-5180, 1994 WL 545441, at *2 (6th Cir. Oct. 5, 1994) (Defendant "appears to now believe he might have gotten a better deal by pleading guilty to a different count. This is wholly insufficient to invalidate a plea agreement."). In short, considering the potential maximum sentence defendant was faced with and his own admissions, defense counsel negotiated a plea bargain which was highly favorable to the defendant. "The fact that . . . defendant may [now] regret having followed his attorney's advice is not grounds for relief[.]" *United States v. Kranzthor*, 614 F.2d 981, 983 (5th Cir. 1980).

Second, petitioner's claim does not implicate the validity of his confinement so as to be a cognizable basis for habeas relief. Under Michigan law, a person found guilty but mentally ill is treated by the trial court the same as if he were found guilty. Such a defendant is subject to the same term of imprisonment, and his imprisonment is committed to the discretion of the Michigan Department of Corrections. A defendant found guilty but mentally ill obtains no rights thereby over a person found guilty. Rather, a guilty but mentally ill verdict (or plea) merely imposes a statutory duty on the Department of Corrections to provide a mental health screening and whatever treatment the Department deems appropriate. *See* MICH. COMP. LAWS § 768.36(3). The Department's failure to comply with its statutory duties under § 768.36 does not affect the validity of the defendant's conviction, whether by plea or after trial. *See People v. Booth*, 414 Mich. 343, 363, 324 N.W.2d 741, 750 (1982); *People v. Tenbrink*, 93 Mich. App. 326, 331, 287 N.W.2d 223, 225 (1979).

18

Because a plea of *nolo contendere* but mentally ill would not have changed the fact or duration of petitioner's confinement, petitioner's claim does not assert a cognizable basis for habeas relief.  As another Judge of this Court has explained addressing a similar claim:

> . . . [U]nder Michigan law a finding that the defendant is guilty but mentally ill at the time of the offense does not exculpate or reduce the degree of an offense. *People v. Ramsey*, 422 Mich. 500, 375 N.W.2d 297, 313, 315 (Mich.1985) (Levin, J., dissenting). "A defendant found guilty but mentally ill is required to be and is in fact processed and dealt with essentially in the same manner as any other convicted person." *Id.* at 315. That is, the difference between being found guilty and being found guilty but mentally ill does not impact the fact or length of incarceration. Petitioner's claim does not seek to decrease the length of her sentence; it seeks only to change the conditions of confinement by requiring the state to treat her mental illness while she is imprisoned.
>
> When a prisoner is challenging the fact or duration of her physical imprisonment and the relief that she is seeking is a determination that she is entitled to immediate release or a speedier release from that imprisonment, her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas relief is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich.2007). Complaints which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn.1980)). Because Petitioner's first habeas claim challenges only the conditions of her confinement, her claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F.App'x. 389, 393 (6th Cir. 2006).

*Radtke v. Stovall*, No. 2:08-CV-14980, 2011 WL 1689572, at *4 (E.D. Mich. May 4, 2011) (Roberts, J.) (rejecting claim that trial court's alleged erroneous refusal to accept petitioner's plea of guilty but mentally ill rendered involuntary her subsequent guilty plea); *see also*, *Lloyd v. Bell*, No. 2:08-CV-14232, 2011 WL 1831725, at *19 (Mar. 10, 2011) (Komives, M.J.), *magistrate judge's report and recommendation adopted*, 2011 WL 1828383 (E.D. Mich. May 13, 2011) (Rosen, J.) (failure to instruct jury on verdict of guilty but mentally ill "did not prejudice petitioner in any way that raises a federal constitutional issue" in light of the facts that "the consequences of a guilty but

mentally ill verdict are precisely the same as a guilty verdict" and deprivation of the petitioner's asserted statutory right to receive treatment raises no constitutional issue); *cf. Johnigan v. Elo*, 207 F. Supp. 2d 599, 612 (E.D. Mich. 2002) (Steeh, J.) (whether defendant is mentally ill is not an element of any offense, and therefore "petitioner's claim that the trial court reached an incorrect verdict on this question which was not supported by the evidence does not present a federal constitutional question cognizable in habeas corpus."). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

       3.     *Appellate Counsel (Claims V & VI)*

Finally, petitioner contends that his appellate counsel was ineffective for failing to raise on direct appeal the claims petitioner raised in his motion for relief from judgment. As explained above, each of those claims is without merit. Thus, petitioner cannot show that counsel was deficient for failing to raise these claims, nor that he was prejudiced by counsel's failure to do so. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Recommendation Regarding Certificate of Appealability*

       1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a

certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either

21

grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.   *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. The record shows that petitioner received two psychiatric evaluations, both of which concluded that he was competent. Further, the record fails to disclose any circumstances that would have created a bona fide doubt as to petitioner's competence, and fails to include any evidence that petitioner was, in fact, incompetent. Thus, the resolution of petitioner's procedural and substantive incompetency claims is not reasonably debatable. It follows that the resolution of petitioner's claim that counsel was ineffective for failing to seek a competency hearing likewise is not reasonably debatable. Because petitioner cannot show that the prosecutor in fact would have agreed to a plea of *nolo contendere* but mentally ill, and because in any event this claim does not relate to the validity or duration of petitioner's confinement, the resolution of petitioner's ineffective assistance claim based on counsel's failure to secure a plea of *nolo contendere* but mentally ill is not reasonably debatable. Finally, because the resolution of petitioner's underlying claims is not reasonably debatable, it follows that the resolution of petitioner's claim that appellate counsel was ineffective for failing to raise these claims on direct appeal likewise is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

G.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an

22

unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/ Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated:        9/5/13

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of this Order was mailed to Respondent and Counsel of Record on September 5, 2013.

    s/   Carol J. Bethel
Case Manager